UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSHUA DONALDSON,
    *Plaintiff*,

v.                                                    No. 3:22-cv-00810 (JAM)

BILL GROUS,
    *Defendant*.

**ORDER DENYING MOTION TO DISMISS**

The plaintiff plays third base for the New York Yankees. He rented a house for the baseball season from the defendant in Greenwich, Connecticut. But the house was allegedly dangerous and defective, so he moved out and has sued for the return of his security deposit and for money damages. The defendant has now moved to dismiss, claiming that this case does not belong in federal court. I do not agree and will deny the motion to dismiss.

**BACKGROUND**

Plaintiff Joshua Donaldson played for the Minnesota Twins before being traded last March to the New York Yankees.[1] Donaldson was at spring training in Florida. This meant that on short notice Donaldson and his partner needed to find a place to live in the New York City metropolitan area before the start of the regular baseball season.[2]

Donaldson ended up signing a six-month lease with the defendant Bill Grous to rent his house in Greenwich, Connecticut.[3] The rent was $55,000 per month along with an accompanying payment of a $110,000 security deposit.[4] But, according to Donaldson, the house to his surprise was infested with dangerous mold among many other problems.[5]

---

[1] Doc. #1 at 2–3 (¶¶ 11, 13–14).
[2] *Id.* at 3 (¶ 15).
[3] *Ibid.* (¶ 16).
[4] *Ibid.* (¶ 18).
[5] *Id.* at 3–4 (¶¶ 20–26).

1

When Grous failed to fix the mold problem, Donaldson vacated the premises, declared the lease to be terminated, and demanded the return of his $110,000 security deposit.[6] Grous refused, and so Donaldson filed this lawsuit alleging various state law claims and seeking the return of his security deposit and additional money damages.[7]

Landlord-tenant disputes are not standard fare on the federal court docket. But federal courts have so-called "diversity" jurisdiction over state law disputes between citizens of different States when there is more than $75,000 in controversy. *See* 28 U.S.C. § 1332. Here, the complaint alleges enough on its face to assert diversity jurisdiction—that there is more than $75,000 at stake and that Donaldson is a domiciliary of Florida while Grous is a domiciliary of Connecticut.[8]

Yet these jurisdictional allegations are not good enough for Grous. He has moved to dismiss Donaldson's complaint on grounds of his claim that Donaldson is a citizen of Connecticut rather than Florida.[9] Grous has filed an affidavit surmising that the real reason that Donaldson broke the lease was because he found another home elsewhere in Connecticut that he liked better and moved there.[10] "I do not know where [Donaldson] lives now," says Grous, "but I believe it is in Connecticut."[11]

Donaldson opposes Grous's motion to dismiss.[12] He has submitted his own affidavit stating that on the day that this lawsuit was filed he and his partner were living in New York State.[13] He further attests that "[a]t no point did I intend to remain in Connecticut in the off-

---

[6] *Id.* at 5 (¶¶ 27–30).
[7] *Id.* at 5–9 (¶¶ 33–66).
[8] *Id.* at 2 (¶¶ 7–9).
[9] Docs. #9 and #9-1.
[10] Doc. #9-2.
[11] *Id.* at 4 (¶ 23).
[12] Doc. #10.
[13] Doc. #10-1 at 2 (¶ 12).

2

season as I have a permanent home in Florida, in which I reside."[14] Donaldson states that his house in Florida is owned by a trust for which he is the sole beneficiary, and he uses the Florida house address for all tax purposes.[15] In addition, Donaldson claims that he has a Florida driver's license, has his cars registered in Florida, and is registered to vote in Florida.[16]

### DISCUSSION

The federal diversity jurisdiction statute requires in relevant part that the plaintiff and defendant be "citizens of different States." 28 U.S.C § 1332(a)(1). They must be citizens of different States as of the date that the lawsuit was filed. *See Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53–54 (2d Cir. 2019). The State of each individual party's citizenship is the State where each party is *domiciled*—that is, the State where the individual has chosen to reside not just temporarily but as one's true fixed home and where one intends to return when absent. *Id.* at 53.

A plaintiff who seeks relief from a federal court bears the burden to show that there is federal jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). If a defendant decides to challenge the factual jurisdictional allegations of the complaint, the plaintiff must support the allegations by competent proof. *See id.* at 96–97; *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998). At the initial pleadings stage, a sworn affidavit or declaration of domicile may be enough to carry the plaintiff's burden to show by a preponderance of the evidence that there is diversity jurisdiction. *See Van Buskirk*, 935 F.3d at 56 & n.3; *Nussbaum v. Metro-N. Commuter R.R.*, 603 F. App'x 10, 11 n.1 (2d Cir. 2015).

---

[14] *Ibid.* (¶ 8).
[15] *Ibid.* (¶¶ 9–10).
[16] *Ibid.* (¶ 10).

I am satisfied that Donaldson has carried his burden for now. Well before any litigation was contemplated, Donaldson signed the rental lease listing his address in Florida.[17] And Donaldson's affidavit as discussed above spells out plenty of details to show that Florida is indeed his intended and true fixed home notwithstanding the travel demands of the baseball schedule. Grous's contrary claim that Donaldson left the house in Greenwich for another residence in Connecticut is speculative, much less does it tend to show that Florida did not remain Donaldson's true fixed home even if Donaldson had moved elsewhere in Connecticut at the time he filed his complaint and temporarily for the balance of the baseball season.

Of course, Grous may explore the citizenship status of Donaldson during pre-trial discovery. If he digs up actual evidence that Donaldson was a citizen of Connecticut when he filed his complaint, then he should promptly renew his motion to dismiss. I will entertain such a motion because "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). But because Grous's challenge at this time is weak, there is no good reason for me to conduct an evidentiary hearing, to order special jurisdictional discovery, or to otherwise limit the scope of general merits discovery pending a further jurisdictional inquest.

## CONCLUSION

For the reasons set forth above, the Court DENIES without prejudice Grous's motion to dismiss (Doc. #9).

It is so ordered.

Dated at New Haven this 7th day of November 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[17] Doc. #1-1 at 1.